**David Allegrucci(12611)**
**ALLEGRUCCI LAW OFFICE, PLLC**
**307 North Miller Road**
**Buckeye, Arizona 85326**
**PH   (623) 412-2330**
**FAX (623) 878-9807**
**Attorney for Petitioners**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re: | ) Case No.: 2:09-bk-21568-CGC |
| | ) In Proceedings Under Chapter 13 |
| GERARD ARTECA, | ) |
| | ) **CHAPTER 13 PLAN AND** |
| Debtor. | ) **APPLICATION FOR PAYMENT OF** |
| | ) **ADMINISTRATIVE EXPENSES** |
| | ) |

**Creditors shall be provided for and paid as stated in this Plan regardless of the secured claim amount stated in a proof of claim.  If a secured creditor does not timely file an objection to confirmation of the Plan then it is deemed to have accepted treatment of its claim under the Plan and the amount to be paid on the secured claim.  11 U.S.C. §1325(a)(5)(A).  Confirmation of the Plan binds all claimants to treatment of the claims as provided for in this Plan.  The binding effect is regardless of any proof of claim, which may be filed.  11 U.S.C. §1327.  All defaults are waived pursuant to 11 U.S.C.§1322(b)(3).**

The debtor(s) propose the following Chapter 13 Plan:

**1. PROPERTY AND INCOME SUBMITTED TO THE PLAN**
The debtors shall submit the following amounts of property and future income to the Trustee for distribution under the Plan:

**a. Future Earnings or Income:**
Debtors shall pay **$325.00** for months 1-48 per month to the Trustee on or before the 2nd day of each month, commencing October 2, 2009.

**b. Other Property:**
If any other property is submitted to/recovered by the trustee for distribution to creditors or administrative expenses, the value of such property shall be treated as advance payments toward plan payments described in section 1.a. above.

**2. DURATION**
This Plan shall continue for **48 months** from the date of the first payment.

**3. CLASSIFICATION AND TREATMENT OF CLAIMS**
Claims shall be classified and paid in the order listed below. Payments by the Trustee will be made only to those parties, which have submitted a Fee Application or a Proof of Claim. The Trustee will accumulate (in trust) the payments described in section 1 above. Payments by the Trustee will commence only upon confirmation of the Plan or upon specific order of the Court, and shall be required to begin within a reasonable period of time following such confirmation by the Court.

**a. Administrative Expenses:**
(1) TRUSTEE'S FEES AND COSTS – In order to cover the cost of administration, the Trustee shall receive such percentage of each plan payment as may be set and adjusted from time to time by the Attorney General pursuant to 28 U.S.C. §586(e)(1)(B). Such percentage fee shall in no event exceed ten percent.

(2) DEBTORS' ATTORNEY'S FEES – A total of **$1,500.00** shall be paid to ALLEGRUCCI LAW OFFICE, PLLC prior to any payments made on claims listed hereafter. In the event this case should be dismissed or converted prior to confirmation (or prior to distribution if the case is technically confirmed), such administrative claim shall be paid from plan payments prior to any other distribution, with the exception of any Trustee's fees or costs as may be awarded by the Court.

**b. Claims Secured by Real Property**
(1) LIEN RETENTION – The creditors scheduled in this section shall retain their security interest in any real property owned by the debtors and which properly secured the claim pre-petition.

(2) HOMESTEAD EXEMPTION – The Debtors' homestead exemption in their residential real property, and in any identifiable cash proceeds from the sale of their residential real property is allowed. Pursuant to A.R.S. Title 33 Section 1101, proceeds from the sale of the Debtors' homesteaded real property may be used in any manner and may be transferred, encumbered, or sold without further order of this Court upon the Trustee's approval. All identifiable cash proceeds from the sale of the Debtors' homesteaded real property shall become the sole property of the Debtor to the extent of the protected equity in such property.

(3) DIRECT PAYMENT OF REGULAR ONGOING MORTGAGE – Regardless of any arrearage listed below on real property mortgages, the debtors shall make regular monthly mortgage payments which come due post-petition, directly to the mortgage holder/creditor. No payments shall be deemed late and the agreement which is the basis for a claim shall not be deemed in default, solely as a result of arrearages being cured under this Plan.

(4) PRE-PETITION MORTGAGE ARREARS - Pursuant to 11 U.S.C. 1322 (b)(5), the debtors shall cure pre-petition mortgage arrears through this plan. Arrearages scheduled below are estimates and include all unpaid pre-petition regular payments, late charges, attorney fees, and those costs actually incurred by the particular mortgage lender or assignee. The estimated arrearages listed below shall be adjusted to reflect the actual arrearage at the time of Plan confirmation. Such arrears shall be paid in full with the interest as required by applicable bankruptcy law pursuant to a properly filed Proof of Claim. All pre-petition mortgage arrears shall be paid prior to any other secured, unsecured or priority debts. The estimated arrearages on real property are as follows:

| Creditor: Wells Fargo | Estimated Balance Owed: $ 208,700.00 |
|---|---|
| Security: Residence 1st DOT | Value of Homestead: $ 130,000.00 |
| | Pre-petition arrearage owed**: $ current-on loan modification** |
| 0% Interest on mortgage arrears | **Arrearage Paid as Secured: $ current on loan modification** |

| Creditor: Indy Mac | Estimated Balance Owed: $ 69,490.65 |
|---|---|
| Security: Show Low 1st DOT | Appraised Value of Homestead: $ 65,000.00 |
| | Pre-petition arrearage owed**: $ 0.00** |
| 0% Interest on mortgage arrears | **Arrearage Paid as Secured: $ 0.00** |

> **Junior (2nd DOT) lienholder *SLS Specialized Loan Serv.* shall be declared an unsecured creditor through this proceeding, as the appraised value of the residence is less than the secured debt owed to the 1st DOT lienholder *SLS Specialized Loan Serv.* shall be treated as a general unsecured claim to be discharged at the end of this proceeding, at which time their lien shall be declared void and released.**

### c. Direct Payments to Creditors:

The following creditors shall be paid outside the plan directly by the debtors for the purpose indicated, in the amount listed, and at the interval stated:

*Monthly mortgage contract payments shall be paid to Wells Fargo and Indy Mac directly by the Debtors.*

### d. Claims Secured by Personal Property to be Retained by Debtor:

(1) LIEN RETENTION – The creditors listed below shall retain their security interest in the described collateral.

(2) AMOUNT TO BE PAID – Creditors under this section shall be paid the lesser of the debt balance or the value of the property securing their claim. Payments to such creditors shall have a value as of confirmation of the plan, which is equal to the allowed secured claim using a discount rate of <u>8</u> % unless otherwise ordered by the Court.

(3) UNSECURED TREATMENT OF CLAIMS – Any claims not specifically named in the Plan are presumed to be unsecured claims. Creditors claiming a secured status shall service a copy of its Proof of Claim, proof of security and an objection to the Plan upon Debtors' counsel as provided by Court order. In the absence of Court Order, the aforementioned documents shall serve a copy thereof upon Debtors' counsel no later than seven days prior to the first scheduled confirmation hearing date

If no objections and/or Proof of Claim is filed and served upon Debtors' counsel as set forth above, such claims not specifically named below will be fully treated as "other unsecured claims" as defined in section 3.j. below.

(4) PROOFS OF CLAIM – Failure to file an accurate and timely proof of claim could have serious legal and economic consequences.

i. Those creditors with claims scheduled below that have been separated into secured and unsecured portions shall file a proof of claim with the Court, which acknowledges the 11 U.S.C. §506 "split" of such claim. The failure to observe proper procedures will result in an objection to the Proof of Claim and will necessitate the scheduling of a valuation hearing.

ii. The creditors scheduled below shall release all liens upon the collateral relating to the underlying debt listed upon payments by the Trustee (or the debtor or an insurance company) of all amounts allowed under 11 U.S.C. §506(1) and pursuant to the Order confirming this Plan.

The creditors secured are as follows:

| | |
|---|---|
| Creditor: Wells Fargo | Non-PMSI Balance Owed: $ 8,607.70 |
| Security: 2007 Ford F150 | **Paid as Secured: $ 8,607.70** |
| | Paid as unsecured: $ 0.00 |
| Simple Interest at 8% or contract rate if lower | *Adequate Protection: $86.00 per mo. |

*These Adequate Protection Payments are being provided to compensate the secured creditor for the depreciation of the collateral during the confirmation process pursuant to <u>United Savings Association of Texas vs. Timbers of Inwood Forest Associates Ltd.,</u> 108 S. Ct. 626, 629-630 (1988). These payments shall end upon confirmation as the terms of the Plan will then control. <u>In re Metz</u>, 67 B.R. 462, 467 (9th Cir. BAP 1986)

**e. Secured Tax Claims:**

(1) LIEN RETENTION – The following tax claims shall be treated as secured claims as noted and shall retain their lien in the property.

(2) PAYMENT ORDER – Such claims shall be paid pro rata with claims secured by personal property. Any balance listed as unsecured shall be paid as outlined in section 3.h. below.

(3) LIEN RELEASE – Tax agencies scheduled below shall formally release all liens filed against the debtors and their property once they have received the full amount of their allowed secured claim pursuant to the Order Confirming this Plan.

(4) DISCOUNT RATE – All claims allowed under 11 U.S.C. §506 shall be paid in full by applying a discount rate of ___% on all unpaid and outstanding amounts.
NONE

**All secured claims shall be paid in full prior to commencement of payment of any claims listed hereafter**.

**f. Priority Claims and Administrative Expenses:**
The following priority claims shall be paid in full prior to the treatment of other claims listed hereafter.

**g. Priority Tax Claims:**
The claims scheduled below shall be entitled to priority treatment under the Plan pursuant to 11 U.S.C. §507(a)(8). As such, these claims shall be paid only the amount actually allowed, without the application of a discount rate for present value.

| Tax Agency | Type of Tax | Tax Period | Priority Amount Owed |
|---|---|---|---|
| 1.IRS | Income | | None |
| 2. ADOR | Income | | none |

**h. General Unsecured Tax Claims:**
All other tax claims shall share a pro rata distribution with those timely filed unsecured Proofs of Claim listed below. Any amounts not paid in full through the Plan shall be discharged. All tax liens filed against the debtors shall be released upon 11 U.S.C. §1328(a) discharge.

**i. Separate Class of Unsecured Creditors.**
The following unsecured creditors shall be paid prior to the payment of any amounts to the general class of unsecured creditors, including those listed in section 3.h. above.

**j. Other Unsecured Claims:**
(1) PAYMENT OF OTHER UNSECURED CLAIMS – All other claims shall be classified as unsecured with any claims of security interest in property being avoided. The Trustee will pay holders of non-priority

unsecured claims for which Proofs of Claim were timely filed, the balance of all funds received from the debtors pro rata with all other claims in this class and section j. of the Plan. Such creditors are not entitled to interest on their claims.

(2) DISCHARGE OF UNPAID UNSECURED CLAIMS – Upon successful completion of all plan payments, any amounts still unpaid to this class of creditors, shall be discharged.

(3) AMOUNT TO BE PROVIDED CAN CHANGE – The amount to be provided to unsecured claims can change without notice by the time this plan is confirmed. If an unsecured claimant wishes to ensure that its claim receive the same payout as provided by this plan, said claimant must enter its appearance in this proceeding and ask that it be a signatory on the confirmation order. An objection to confirmation is necessary to preserve the treatment of the claim should the proposed order confirming this plan change the treatment of unsecured claims as set forth herein.

(4) THE BEST INTEREST OF THE CREDITORS TEST IS MET BY THIS PLAN-
This Plan meets all the requirements of the Code (Title 11 U.S.C.) and achieves Chapter 7 reconciliation, as the unsecured creditors will receive more under this Chapter 13 Plan than they would have received under a Chapter 7 liquidation.

**4. OBJECTIONS**
Any objections to this Plan by any creditor shall be filed with the Court and served upon Debtor's counsel as required by Court Order. In absence of a Court Order, all objections shall be filed with the Court and served upon debtor's counsel at least 7 days or as per a specific Judge's set deadline, prior to the date set by the Court for the first hearing on confirmation of the Plan

**5. EFFECTIVE DATE OF VESTING**
The effective date of the Plan shall be the date of the Order Confirming the Plan is entered by the Court. Property of the estate shall not vest in the debtors until conversion, discharge or dismissal of the proceeding. 11 U.S.C. §1327(b). Subsequent to confirmation, the bankruptcy petitioners are free to sell their assets without court approval and use the proceeds therefrom for personal use.

**6. POST PETITION CLAIMS**
Claims allowed for post petition debts incurred by debtors, may be provided for as set forth in 11 U.S.C. §1322(a)(6).

**7. NECESSITY OF FILING A PROOF OF CLAIM**
Nothing in this plan shall constitute an informal proof of claim for any creditor.

**APPLICATION FOR ADMINISTRATIVE EXPENSE**

1. The law firm of ALLEGRUCCI LAW OFFICE, PLLC. has filed this Chapter 13 proceeding on behalf of the debtors. Debtors' counsel hereby files application for approval of administrative expense pursuant to 11 U.S.C. §330. ALLEGRUCCI LAW OFFICE, PLLC also claims a state charging lien upon all funds in the Trustee's possession for the payment of its administrative expenses pursuant to In re Southwest Restaurant Systems, Inc., 607 F.2d 1243 (9th Cir. Ariz. 1979).

2. Such law firm has agreed to represent the debtors with regard to their confirmation of their Chapter 13 Plan. This is the Debtors' attorney's first fee application in this case.

3. The debtors paid the sum of **$426.00** prior to the representation of the debtors in this Chapter 13 proceeding. Debtors' counsel request fees and expenses in the amount of **$1,500.00,** be approved and paid from funds collected by the Chapter 13 Trustee in the form of plan payments through this plan.

4. Services rendered by ALLEGRUCCI LAW OFFICE, PLLC include:
 (a) Attorney conferences for the analysis of the debtor's financial position, advice and counsel regarding the application of 11 U.S.C. Chapters 7, 11, and 13.
 (b) Assistance with and processing of information necessary to the preparation of the official forms required by the Court, to be filed with a Chapter 13 petition. The actual preparation of the debtor's petition, Schedules A-J, Statement of Financial Affairs, Chapter 13 Plan, Master Mailing List, and all corresponding declarations.
 (c) Document copying and mailing necessary for the noticing out of the Chapter 13 Plan to all interested parties.
 (d) Representation at the first meeting of creditors and at all hearings on confirmation of the original Plan.
 (e) Client consultations, creditor negotiations and conferences, and representation as regarding the Chapter 13 Trustee and other interested parties.

5. Administrative fees and costs under this application are to be paid prior to all creditor claims as provided in 11 U.S.C.§507(a)(1). Fees requested in this application are not being shared. This application represents only fees and costs incurred by debtor's counsel.

PLAN DATED this 17th day of September 2009.

ALLEGRUCCI LAW OFFICE, PLLC


/s/ David E. Allegrucci
Attorney for Debtors

**PLAN ANALYSIS**\*\*

Debtor(s): Gerard Arteca                 Case No. 2:09-bk-21568-CGC

Prior: Bankruptcy ( )     Chapter 13 ( )          Date:

Estimated Length of Plan:     **48 Months**
                           TRUSTEE USE:
                           Section 341(a) Meeting Date: _____
                           Continued: _____
                           Confirmation Date: _____

TOTAL DEBT PROVIDED FOR UNDER THE PLAN AND ADMINISTRATIVE EXPENSES
A. TOTAL PRIORITY CLAIMS:
       1. Attorney Fees, David Allegrucci................................................$ 1,500.00
       2. Taxes........................................................................................$ 0.00
       3. Other .......................................................................................$ 0.00
B. TOTAL OF PAYMENTS TO CURE DEFAULTS ..................................$ 0.00
C. TOTAL OF PAYMENTS ON SECURED CLAIMS ................................$ 10,000.00
D. TOTAL OF PAYMENT ON GENERAL UNSECURED CLAIMS*..........$ 2,540.00\*
E. SUBTOTAL ........................................................................................ $ 14,040.00
F. TOTAL TRUSTEE'S COMPENSATION
       (10% of Debtors' Payments) ................................................. $ 1,560.00
G. TOTAL DEBT AND ADMINISTRATIVE EXPENSES........................ $ 15,600.00
\*This treatment can change without further notice. Refer to¶ 3(J)(1) of the Plan

CHAPTER 7 RECONCILIATION

H. INTEREST OF GENERAL UNSECURED CREDITORS IF CHAPTER 7 FILED
     1. Value of Debtor(s)' interest in
        Nonexempt property................................................................$ 3,300.00
     2. Plus: value of property recoverable under
        Avoiding powers.......................................................... ......................$ 0
     3. Less: estimated Chapter 7 administrative
        Expenses.............................................................................$<825.00>
     4. Less: amounts payable to priority creditors
        Other than costs of administration................................................$<0>
     5. Equals: estimated amount payable to general
        Unsecured creditors if Chapter 7 filed..............................................$ 2,475.00

I. ESTIMATED DIVIDEND FOR GENERAL UNSECURED
    CREDITORS UNDER CHAPTER 7..................................................... $ 2,475.00

J. ESTIMATED DIVIDEND UNDER PLAN..................................................... $ 2,540.00

\*\*IF THERE ARE DISCREPANCIES BETWEEN THE PLAN AND THE PLAN ANALYSIS, THE PROVISIONS OF THE PLAN AS CONFIRMED, CONTROLS.